IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOSE CHAVEZ　　　　　　　　　　　　　　　*
8757 Georgia Avenue, Suite 400　　　　　　*
Silver Spring, Maryland 20910　　　　　　 *
　　　　　　　　　　　　　　　　　　　　　*
　　　PLAINTIFF,　　　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　*
　　v.　　　　　　　　　　　　　　　　　　 *　Case No.: 18-2558
　　　　　　　　　　　　　　　　　　　　　*
Y&S ENTERPRISES, INC　　　　　　　　　　 *
T/A DR. KING'S BRUSHLESS CAR WASH　　　　*
2735 Martin Luther King Jr. Ave, SE　　　*
Washington, DC 20032　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　*
SERVE: Yun K. Han　　　　　　　　　　　　 *
3735 Martin Luther King Jr. Ave., SE　　 *
Washington, DC 20032　　　　　　　　　　　*
　　　　　　　　　　　　　　　　　　　　　*
　　　DEFENDANT.　　　　　　　　　　　　　*
*******************************************************************

## COMPLAINT

Plaintiff Jose Chavez ("Plaintiff"), by and through undersigned counsel, hereby brings this suit against the Defendant Y&S Enterprises, Inc. t/a Dr. King's Brushless Car Wash ("Defendant") and for grounds states as follows:

### Parties and Jurisdiction

1. Plaintiff is an adult resident of Maryland.

2. Defendant is a corporation formed under the laws of the District of Columbia with its principal place of business in Washington, DC and its principal business being the operation of a car wash.

3. Plaintiff's claims herein are made under the Federal Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), the D.C. Minimum Wage Act Revision Act of 1992, D.C. Code §§ 32-1001 *et seq.* ("DCMWA"), and the D.C. Wage Payment and Wage Collection Act, D.C. Code §§ 32-1301 *et seq.* ("DCWPA").

4. At all times relevant to this matter, Defendant had gross annual sales in excess of $500,000.00.

5. At all times relevant to this action, Defendant sold goods (or used goods in its sale of car washes and related services) that passed across state lines for the purpose of commerce and for sale to the final consumer.

6. By acting as the named Plaintiff in this action, Plaintiff does hereby affirm his consent to participate as a Plaintiff in a claim seeking relief under the FLSA and all District of Columbia wage and hour laws.

7. Plaintiff is a former employee of the Defendant and Defendant was Plaintiff's employer within the scope and definitions of the FLSA, DCMWA, and DCWPA.

8. Plaintiff was employed by Defendant from approximately January 2016 through about July 2018.

9. Pursuant to the preceding, this Court has personal jurisdiction of the Defendant, has subject matter jurisdiction of the claims pursuant to 28 U.S.C. § 1331, constitutes proper venue pursuant to 28 U.S.C. § 1391, and has supplemental jurisdiction of the related state law claims pursuant to 28 U.S.C. § 1367.

### General Allegations

10. While employed by Defendant, the exact number of hours Plaintiff worked each week varied slightly from week to week.

11. While employed, Plaintiff often worked more than forty (40) hours per week.

12. While employed, Plaintiff often worked more than fifty (50) hours per week.

13. While employed, Plaintiff often worked more than sixty (60) hours per week.

14. At all times during Plaintiff's employment, Defendant had knowledge of all hours Plaintiff worked and directed Plaintiff to work all hours herein alleged each week.

15. For the period of about January 2016 through about June 2016, Defendant paid Plaintiff at the rate of $10.50 per hour for all hours Plaintiff worked including overtime worked over forty (40) hours per week.

16. For the period January 2016 through about June 2016, Defendant paid Plaintiff by check at the rate of $10.50 per hour for hours worked up to but not exceeding forty (40) hours per week.

17. For the period January 2016 through June 2016, Defendant paid Plaintiff at the rate of $10.50 per hour, in cash, for overtime worked over forty (40) hours per week.

18. For the period of about July 2016 through about June 2017, Defendant paid Plaintiff at the rate of $11.50 per hour hours Plaintiff worked each week up to but not exceeding forty (40) hours per week.

19. For the period of about July 2016 through about June 2017, Defendant paid Plaintiff at the rate of $10.50 per hour, in cash, for overtime worked over forty (40) hours per week.

20. For the period of about July 2017 through about June 2018, Defendant paid Plaintiff at the rate of $12.50 per hour for all hours Plaintiff worked each week up to but not exceeding forty (40) hours per week.

21. For the period of about July 2017 through about June 2018, Defendant paid Plaintiff at the rate of $10.50 per hour, in cash, for overtime worked over forty (40) hours per week.

22. For the period of about July 2018, Defendant paid Plaintiff at the rate of $13.25 per hour for all hours Plaintiff worked each week up to but not exceeding forty (40) hours per

week.

23. For the period of about July 2018, Defendant paid Plaintiff at the rate of $10.50 per hour, in cash, for overtime worked over forty (40) hours per week.

24. For the entire period of Plaintiff's employ, Defendant failed and refused to pay Plaintiff at or above the District of Columbia minimum wage rate for overtime Plaintiff worked each week over forty (40) hours per week.

25. For the entire period of Plaintiff's employment, Defendant failed and refused to pay Plaintiff at the required FLSA and District of Columbia overtime rate for overtime Plaintiff worked over forty (40) hours per week.

## CAUSES OF ACTION

### COUNT I
**Violation of Federal Fair Labor Standards Act**

26. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

27. The FLSA required Defendant to pay Plaintiff for overtime hours at the FLSA required time-and-one-half rate.

28. As set forth above, Defendant failed to pay Plaintiff overtime compensation in compliance with the FLSA requirements.

29. Defendant's failure to pay Plaintiff as required by the FLSA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count I for unpaid wages in an amount as is proven at trial, liquidated damages as provided by Federal law, interest (both pre- and post- judgment), reasonable attorney's fees, the costs of this action, and any other and further relief this Court deems appropriate.

## COUNT II
**Violation of D.C. Minimum Wage Act Revision Act of 1992**

30. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

31. The DCMWA required Defendant to pay Plaintiff for overtime hours worked at the DCMWA required time-and-one-half rate.

32. As set forth above, Defendant failed to pay Plaintiff at a rate at least equal to the District of Columbia Minimum Wage for non-overtime hours worked per week and failed to pay Plaintiff overtime compensation in compliance with the DCMWA requirements for overtime hours worked over forty (40) per week.

33. Defendant's failure to pay Plaintiff as required by the DCMWA was willful and intentional, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count II, for unpaid wages in an amount to be proven at trial, plus liquidated damages as provided by District of Columbia law (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

## COUNT III
### DCWPA

34. Plaintiff re-alleges and reasserts each and every allegation set forth above as if each were set forth herein.

35. Under the DCWPA, Defendant was obligated to pay Plaintiff all wages earned and owed for work that Plaintiff performed.

36. Plaintiff performed work duties for Defendant's benefit as set forth above for which Defendant failed to pay Plaintiff all wages earned, promised, and required by Federal and District of Columbia law.

37. Defendant owes Plaintiff wages for work duties performed as set forth above.

38. Defendant's failure to pay Plaintiff wages as set forth above constitutes a violation of Plaintiff's right to receive wages as guaranteed by the DCWPA.

39. Defendant's failure to pay Plaintiff all wages earned, owed, and as required by Federal and District of Columbia law was knowing, willful and intentional, was not the result of any *bona fide* dispute between Plaintiff and Defendant, and was not in good faith.

WHEREFORE, Defendant is liable to Plaintiff under Count III, for unpaid wages in an amount to be proven at trial, plus liquidated damages as provided by statute (quadruple damages), interest (both pre- and post-judgment), attorney's fees, costs, and any other and further relief this Court deems appropriate.

Respectfully submitted,

Dated: November 6, 2018

_____
Gregg L. Greenberg, Bar No. MD17291
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, Maryland 20910
(301) 587-9373 (ph)
Email: GGreenberg@ZAGFirm.com

*Counsel for Plaintiff*